## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LONGO EN TECH OF PUERTO RICO, LLC<br><br>Plaintiff,<br><br>vs.<br><br>PUERTO RICO WATER AND SEWER AUTHRORITY; ARCADIS CARIBE, PSC; CHUBB INSURANCE COMPANY OF PUERTO RICO, JOHN DOE 1, XYZ INSURANCE COMPANY.<br><br>Defendants. | Civil Action No. |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW the Plaintiff through its legal counsel and respectfully states, alleges and prays as follows:

## FACTUAL ALLEGATIONS

### The Parties

1. Plaintiff Longo En Tech of Puerto Rico, LLC ("Longo") is a limited liability company organized under the laws of Puerto Rico. Its headquarters and principal place of business is Centro Internacional de Mercadeo, Suite 608, 100 Carr. 165, Guaynabo, Puerto Rico. Longo is engaged, among other things, in the business of constructing, repairing, and lining raw sewage facilities.

1

2.      Codefendant Puerto Rico Aqueduct and Sewer Authority ("PRASA") is an autonomous public corporation organized and existing under the authority of Act Number 40 of May 1, 1945, 22 L.P.R.A. § 141 et seq.  It has the capacity to sue and be sued.

3.      Codefendant Arcadis Caribe, PSC ("Arcadis") is a Puerto Rico corporation organized under the laws of Puerto Rico.  Arcadis is the Puerto Rican operating arm of Arcadis Global Solutions, a global design and consultancy firm based in the Netherlands, with U.S. offices in Pennsylvania, that partners with corporations like PRASA to manage capital improvements, environmental, and engineering projects like those at issue in this suit.  Arcadis's offices and principal place of business are Las Vistas Shopping Center Village no. 300, Avenida Felisa Rincón de Gautier, Suite 23, San Juan, Puerto Rico, and/or at 48 City View Plaza, Tower 1, Suite 401, in Guaynabo, Puerto Rico.

4.      Codefendant Chubb Insurance Company Puerto Rico ("Chubb") is an insurance company organized under the laws of Puerto Rico offering a wide variety of insurance products. Chubb issued insurance policies at PRASA's behest covering PRASA and Arcadis. The risks covered include, among others, Architects and Engineers Professional Indemnity and Commercial General Liability.  Chubb is located at 33 Resolución Street, Suite 500, in San Juan, Puerto Rico, and/or Plaza Scotiabank, 273 Ponce de León Avenue, San Juan, Puerto Rico.  Chubb is a direct defendant pursuant to the direct-action statute contained in Puerto Rico Insurance Code, 26 L.P.R.A. § 2003, and federal supplemental jurisdiction under 28 U.S.C § 1367.

5.      The CHUBB policies include a Professional Negligence Policy ("Architects and Engineers Professional Indemnity" - Policy No. EO1000) and the Commercial General Liability Policy ("Commercial General Liability" - Policy No. #41PR101100) that contain coverages intended to cover most, if not all, of the damages Longo suffered.

6. Codefendant John Doe 1 is a natural person who may be liable for part of the damages Longo has suffered.

7. Codefendant XYZ Insurance Company is an insurance company or companies insuring codefendant Arcadis whose policy or policies on the projects may cover all or part of the damages Longo has suffered.

### The Six Federal Infrastructure Projects

8. This lawsuit addresses six federal infrastructure projects funded, approved, and governed by federal law (the "Six Federal Projects").

9. The Six Federal Projects were designed to repair and/or replace broken, leaking, and decaying trunk sewer lines whose maintenance had been neglected over the course of many years by the Puerto Rico Aqueduct and Sewer Authority ("PRASA").

10. Because of the lack of proper maintenance by PRASA, the United States Environmental and Protection Agency ("EPA") had brought numerous civil actions in the United States District Court for the District of Puerto Rico for violations of the federal Clean Water Act ("CWA"), in order to address the failing water and sewer infrastructure and resulting negative impact on the health of Puerto Rican residents.

11. Those civil actions resulted in several federal court Consent Decrees requiring PRASA to correct its water and sewer infrastructure, with at least one having direct application to the Six Federal Projects. *See United States of America v. Puerto Rico Aqueduct and Sewer Authority,* C.A. No. 3:15-cv-02283 (JAG).

12. Under the Consent Decree mentioned in paragraph eleven of this complaint, PRASA undertook, among other things, to (i) take measures to prevent or minimize discharges of sanitary water, including, but not limited to performing an engineering assessment of the existing

3

problems and develop and implement a plan to eliminate violations, (ii) develop a comprehensive plan to eliminate sanitary discharges and other unauthorized pollutants; (iii) improve communication to the public regarding the risks associated with contact with sanitary discharges; and (iv) take any action necessary to mitigate such discharges.  In addition, a Sanitary Sewer System Repair Plan is required for Ponce, Vega Baja, Isabela, Mayaguez, and Carolina under sections 8 and 14 of the *C.A. No. 3:15-cv-02283* Consent Decree.

13.    The Consent Decrees have been in effect since 2006 and have provided for billions of federal dollars to address and pay for the repair and replacement of Puerto Rico's failing water and raw sewer infrastructure.  However, PRASA continues to neglect its obligations under federal law and the Consent Decrees to maintain its water and sewer infrastructure and protect the health of Puerto Rico residents.

14.    The projects concern the communities of Ponce, Carolina and Loiza, Mayaguez, Isabela/Aguadilla/Aguada/Rincon, Vega Baja, and Caguas.  These projects are financed 100% with federal funds from the Federal Emergency Management Agency ("FEMA") and the U.S. Department of Housing and Urban Development ("HUD").

15.     During the period from 2021 to 2023, in a public bidding, codefendant PRASA awarded Longo, with Arcadis' intervention and technical/engineering assistance, the Six Federal Projects to repair raw sewage trunk lines and pipes. This remediation work was part of the necessary repairs to a failing sewage system subject to the federal Consent Decrees.  The following tables contain the basic information regarding the Six Federal Projects:

| Item | Project | Project Name | Relevant Contract Dates | | | |
|---|---|---|---|---|---|---|
| | | | Bids | Award | Contract | NTP |
| 1 | 2022-000236 | DESIGN AND BUILD FOR THE LOS ANGELES AND LOIZA PUEBLO TRUNK SEWER (FAAST) | 7-Dec-21 | 4-Mar-22 | 11-Apr-22 | 16-May-22 |
| 2 | 2023-000254 | DESIGN & BUILD FOR THE REHABILITATION OF THE ISABELA-AGUADA TRUNK SEWER (FASST) ISABELA-AGUADILA-AGUADA-RINCON, PUERTO RICO | 16-Nov-22 | 29-Dec-22 | 17-Apr-23 | 26-Jun-23 |
| 3 | 2023-000250 | DESIGN AND BUILD FOR THE REHABILITATION OPF THE VEGA BAJA TRUNK SEWER (FAAST) VEGA BAJA, PUERTO RICO | 16-Nov-22 | 10-Jan-23 | 17-Apr-23 | 5-Jun-23 |
| 4 | 2023-000257 | DESIGN & BUILD FOR THE REHABLITATION OF CAGUAS TRUNK SEWER (FAAST) CAGUAS, PUERTO RICO | 12-Nov-22 | 24-Jan-23 | 18-Apr-23 | 29-May-23 |
| 5 | 2023-000077 | DESIGN AND BUILD FOR THE PONCE TRUNK SEWER SYSTEM REHABILITATION (FAAST) | 10-Feb-22 | 3-May-22 | 17-Aug-22 | 29-Aug-22 |
| 6 | 2024-000108 | DESIGN & BUILD FOR THE REHABILITATION OF HORMIGUEROS AND MAYAGUEZ TRUNK SEWER (FAAST) HORMIGUEROS-MAYAGUEZ, PUERTO RICO | 7-Feb-23 | 24-May-23 | 19-Sep-23 | 16-Oct-23 |

| Item | Project | Project Name | Contract Amount |
|---|---|---|---|
| 1 | 2022-000236 | DESIGN AND BUILD FOR THE LOS ANGELES AND LOIZA PUEBLO TRUNK SEWER (FAAST) | $6,678,752.85 |
| 2 | 2023-000254 | DESIGN & BUILD FOR THE REHABILITATION OF THE ISABELA-AGUADA TRUNK SEWER (FASST) ISABELA-AGUADILA-AGUADA-RINCON, PUERTO RICO | $35,952,450.00 |
| 3 | 2023-000250 | DESIGN AND BUILD FOR THE REHABILITATION OPF THE VEGA BAJA TRUNK SEWER (FAAST) VEGA BAJA, PUERTO RICO | $7,511,500.00 |
| 4 | 2023-000257 | DESIGN & BUILD FOR THE REHABLITATION OF CAGUAS TRUNK SEWER (FAAST) CAGUAS, PUERTO RICO | $29,615,000.00 |
| 5 | 2023-000077 | DESIGN AND BUILD FOR THE PONCE TRUNK SEWER SYSTEM REHABILITATION (FAAST) | $12,960,150.00 |
| 6 | 2024-000108 | DESIGN & BUILD FOR THE REHABILITATION OF HORMIGUEROS AND MAYAGUEZ TRUNK SEWER (FAAST) HORMIGUEROS-MAYAGUEZ, PUERTO RICO | $22,618,900.00 |

Total Contracts Amount:            $115,336,752.85

16. In each of the Six Federal Projects, PRASA specifically stated that "the applicable Federal laws and regulations take precedence over any other contract provision."

17. PRASA required in numerous other project provisions that Longo comply with the federal laws involving the CWA, the EPA, FEMA, and the Occupational Health and Safety Act ("OSHA") to the Six Federal Projects.

18.    The chart below shows the application of the Consent Decree in *C.A. No. 3:15-cv-02283* to the Six Federal Projects.

**Longo-EN Tech Puerto Rico LLC**

**Location of CIPP Projects in Relation to PRASA/EPA Consent Decree**

| Item | Project No. | Description | Municipality | Sector | Consent Decree Project / Location | Consent Decree 2015-CD Reference |
|---|---|---|---|---|---|---|
| 1 | 4-58-9003 | D/B Ponce Trunk Sewer Rehabilitation | Ponce | Alta Vista | South Region: Ponce | 2015 CD Appendix J - Phase II: Rehabilitation of Trunk Sewer (28km) |
| | | | | Casa Mía | South Region: Ponce | 2015 CD Appendix J - Phase II: Rehabilitation of Trunk Sewer (28km) |
| | | | | Jaime L Drew | South Region: Ponce | 2015 CD Appendix J - Phase II: Rehabilitation of Trunk Sewer (28km) |
| | | | | Martín Corchado | South Region: Ponce | 2015 CD Appendix J - Phase II: Rehabilitation of Trunk Sewer (28km) |
| | | | | Villa del Carmen | South Region: Ponce | 2015 CD Appendix J - Phase II: Rehabilitation of Trunk Sewer (28km) |
| 2 | 1-16-9001 | D/B Los Angeles Loíza Trunk Sewer Rehabilitation | Carolina | Los Angeles | Metro Region / Puerto Nuevo Regional System | 2015 CD Appendix L - Puerto Nuevo Sewer System High Priority Areas |
| | | | Carolina | Vista Mar | Metro Region / Puerto Nuevo Regional System | 2015 CD Appendix L - Puerto Nuevo Sewer System High Priority Areas |
| | | | Loiza | Loiza Pueblo | Metro Region / Puerto Nuevo Regional System | 2015 CD Appendix L - Puerto Nuevo Sewer System High Priority Areas |
| 3 | 2-37-5002 | D/B Isabela Trunk Sewer Rehabilitation | Rincon | Centro Puntas | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
| | | | Aguada | Alturas De Aguada | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
| | | | Aguada | Monte Mar | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
| | | | Aguada | Tablonal | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
| | | | Aguadilla | Victoria | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
| | | | Aguadilla | Los Indios | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |

6

| Item | Project No. | Description | Municipality | Sector | Project / Location | Consent Decree<br>2015-CD Reference |
|---|---|---|---|---|---|---|
|  |  |  | Aguadilla | Cabán | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
|  |  |  | Isabela | Jardines Del Noreste | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
|  |  |  | Moca | Los Robles | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
|  |  |  | Moca | Los Héroes | West Region: Isabela | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
| 4 | 3-13-9002 | D/B Caguas Trunk Sewer Rehabilitation | Caguas | Oscar TS | East Region: Caguas | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
|  |  |  |  | Hima TS | East Region: Caguas | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
|  |  |  |  | Caguas Oeste TS | East Region: Caguas | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
|  |  |  |  | Villa Guadalupe TS | East Region: Caguas | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
|  |  |  |  | Centro Judicial TS | East Region: Caguas | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
|  |  |  |  | Bairoas TS | East Region: Caguas | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
|  |  |  |  | Caguas TS | East Region: Caguas | 2015 CD Appendix I - Perform I/I Corrections in the Collection System. |
| 5 | 2-75-5055 | D/B Vega Baja Trunk Sewer Rehabilitation | Vega Baja | Los Naranjos | North Region: Vega Baja | 2015 CD Apendix A & Section 19 |
|  |  |  |  | Villa Real | North Region: Vega Baja | 2015 CD Apendix A & Section 19 |
| 6 | 5-50-9001 | D/B Mayagüez Hormigueros Trunk Sewer Rehabilitation | Mayaguez | Guanajibo Castillo | West Region: Mayaguez | 2015 CD Apendix A & Section 19 |
|  |  |  | Mayaguez | Alturas de Mayaguez | West Region: Mayaguez | 2015 CD Apendix A & Section 19 |
|  |  |  | Hormigueros | Colinas Del Oeste | West Region: Mayaguez | 2015 CD Apendix A & Section 19 |
|  |  |  | Hormigueros | Estebania | West Region: Mayaguez | 2015 CD Apendix A & Section 19 |

## Jurisdiction

19.     This Court has jurisdiction over the subject matter and over the parties to this action pursuant to 28 U.S.C. § 1331, 1345, and the Clean Water Act, 33 U.S.C. § 1251 et seq.  In addition, federal question jurisdiction is present and exists related to the enforcement of binding and enforceable CWA and EPA consent decrees that cover Puerto Rico's raw sewage system, including the one in *United States vs. Puerto Rico Water Aqueduct and Sewer Authority (PRASA)*, C.A. No. 15 CV-02283 (JAG), as amended. This Consent Decree is part of several previous decrees against PRASA for its endless non-compliance over more than 20 years.

20.     In addition, federal question jurisdiction over this litigation exists under the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651- 678.

21.     Federal funding is being provided by FEMA, 6 U.S.C. § 313, the Stafford Act, 42 U.S.C. § 5121 et seq., and the Housing and Urban Development CBDG-DR rules and funds, 42 U.S.C. § 5301 et seq., 24 C.F.R. Part 570, 2 C.F.R. Part 200.

7

22.    The jurisdictional basis under the federal question statute, 28 U.S.C. § 1331, is also grounded in the national interest of the mentioned preemptive federal legislation in providing a federal forum for the much-needed major island-wide repairs to obsolete and failing raw sewage pipes and sewage treatment facilities, which are the subject of the contracts between the parties to this litigation. Raw sewage discharges, leaks, failing pipes, and failing waste treatment facilities pose an unfathomable risk to public health, which is also a matter of national federal interest.

23.    The Financial Oversight & Management Board for Puerto Rico ("FOMB"), 48 U.S.C. § 2101-2241(2016) ("PROMESA"), approved the funding of the projects to proceed.

24.    Federal interest in the subject matter of this dispute is overwhelming.  Six sources in law and by contract require that federal law govern this matter: (1) The Clean Water Act, (2) the Occupational Health and Safety Act, (3) PROMESA and the FOMB approval of federal funding, (3) the Consent Decrees, (4) PRASA Bid Documents, (5) PRASA Contracts and the Contract Documents, which require that federal law governs, and (6) Consent Decree Compliance Reports PRASA prepared and submitted to FEMA noting the application of federal law and federal funding.

25.    The Clean Water Act and other federal laws preempt the application of inconsistent Puerto Rico law.

26.    This Court's exercise of federal jurisdiction over the proper federal funding, repair and maintenance of PRASA's federal consent-decreed raw sewage facilities does not distort any division of labor between the state and federal courts. Jurisdiction is augmented by PRASA's overreach and numerous violations of federal public policy. PRASA has caused extreme inconvenience to the binding structure and framework of applicable federal laws and standards, mocking and abusing federal oversight and the role of PRASA contractors like Longo, who, in

performing sewage repair work, is, for all purposes, a Clean Water Act- and the Occupational Health and Safety Act -obligated operator of a federally controlled-preempted activity. This meets the requirements for federal-question jurisdiction.

27.     Federal supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is present over claims that are related to this complaint as they form part of the same case or controversy under Article III of the United States Constitution.

### The PRASA Violations

28.     Longo specializes in water and wastewater infrastructure construction, focusing on the design, building, and rehabilitation of sewage systems. The company has recognized expertise in constructing and upgrading sewage treatment facilities and sanitary trunk sewers. Longo has been a long-time Puerto Rican contractor for over twenty years. It installs new pipes, lines existing pipes, and handles force line segment replacements. Longo also restores sewage manholes, sewer waste treatment plants and facilities, and maintains existing sewage structures.

29.     In its role as project representative, inexperienced Arcadis' personnel exercised authority over technical, contractual, and operational decisions for the Six Federal Projects, including approving the schedule, evaluating submissions, interpreting contractual documents, and issuing field instructions, effectively acting as the contract administrator and foregoing strict application of federal laws. Consequently, Arcadis assumed independent duties toward Longo, including the professional duty to issue directives consistent with accepted technical standards, to act without negligence, and not to unduly interfere with the contractual relationship between Longo and PRASA.

30.     The Consent Decree in *C.A. No. 3:15-cv-02283* required PRASA to conduct corresponding engineering assessments and to provide a copy of the Consent Decree to any

contractor called upon to perform related work so that its impact could be considered.  However, PRASA failed to make such disclosure to Longo.  PRASA's material omission had a substantial negative impact on the execution of the Six Federal Projects.

31.  The Defendants PRASA and Arcadis carelessly misrepresented and withheld critical information that Longo needed to properly prepare a Performance Work Statement (PWS), which Longo did and which Defendants PRASA and Arcadis approved.  The PWS formed the basis of the bid that Defendants PRASA and Arcadis accepted, and which formed the basis of the performance of the Six Federal projects.

32.  At all material times, Defendants PRASA and Arcadis misrepresented that the bidding documents were accurate and sufficient to perform the projects in conformance with federal standards.

33.  Longo started work that consisted mainly of lining the inside of sewage pipes and connections to treatment plants to repair and seal leakage of raw sewer, only to discover the unexplainable and unexpected misrepresentations that impeded performance in strict compliance with federal law and applicable consent decrees.

34.  Defendants PRASA and Arcadis misrepresented the actual site conditions of the sanitary sewer systems. The defendants failed to obtain the required federal permits from the United States Army Corps of Engineers ("USACE") or disclose information that would alert to their applicability.  Arcadis, on behalf of PRASA and with PRASA's knowledge, developed erroneous and incomplete design parameters that ignored the existence of Federal wetlands. That alone created the risk of raw sewage spills into the navigable waters of the United States while projects were underway. Raw spillage into navigable waters took place. Longo, as a CWA

operator, had an obligation to steer clear and correct spillage or be liable under federal law for contamination of the navigable waters of the United States.

35.    Defendants PRASA and Arcadis failed to disclose the need to obtain FEMA-required permits.

36.    Defendants PRASA and Arcadis misled Plaintiff Longo into believing that certain environmental studies were performed, but in fact, no such studies were performed.

37.    Defendants PRASA and Arcadis refused to follow the project guidelines, such as issuing work change directives without change orders, resulting in over two years of delays in the Vega Baja, Ponce, and Carolina projects and incidental violation to mentioned consent decrees.

38.    Defendants PRASA and Arcadis repeatedly ignored written requests from Longo to clarify the applicability of federal consent decrees to the projects.  PRASA and Arcadis issued an improper Certification that the Consent Decrees did not apply to the Six Federal Projects.

39.    Defendants PRASA and Arcadis always misrepresented that certain environmental matters were excluded from the projects and failed to indicate any environmental matter in the PRASA/Arcadis bid documents.

40. As a direct result of Defendants PRASA and Arcadis' misrepresentations and omissions, Longo prepared bids that were deficient to complete the projects. Longo suffered significant delays, extraordinary cost increases, loss of productivity, extended overhead, and other harms that exceed several millions of dollars.

41.    Rather than correcting the mentioned course of action and taking remedial actions consistent with the duty of a responsible public company operating an island-wide raw sewage system, PRASA and Arcadis issued termination letters to Longo on all projects except the one in Isabela, Puerto Rico.

42.    The insurance company that issued performance and payment bonds to PRASA on behalf of Longo has refused to honor such bonds because of PRASA and Arcadis' course of conduct.

43.    Plaintiff Longo estimates that the damages resulting from the terminations, course of conduct, and omissions have caused damages that exceed the $25,000,000 limit of the Chubb insurance policies. Otherwise, Longo requests that PRASA and Arcadis recognize their illegal course of conduct, lift the termination of the projects, assume the extra costs of their failures, and comply with federal law and binding consent decrees, allowing Longo to continue and complete the projects for the benefit of Puerto Rico.

### Jury Demand

Plaintiff demands a jury on all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.    Enter judgment against Arcadis and PRASA in an amount determined at trial. Alternatively, Plaintiff demands that Defendants PRASA and Arcadis remove their improper terminations and allow the projects to proceed to completion as pleaded, assuming the cost of their failures.

2.    Enter judgment against Chubb or any other insurance company under the direct-action statute:

3.    Award Plaintiff its attorneys' fees and costs; and

4.    Award Plaintiff such other relief as is just and appropriate.

RESPECTFULLY SUBMITTED,

/s/ José Antonio Fusté

José Antonio Fusté
josefuste@gmail.com
USDC-PR 114306
(787) 378-1805


/s/ Damian R. LaPlaca

Damian R. LaPlaca
damian.laplaca@gmail.com
USDC-PR 301411
(617) 733-0767

263 Domenech Avenue
San Juan, Puerto Rico 00918
Tel. (787) 753-6131
Fax (787) 753-7053


In San Juan, Puerto Rico, this 29th day of July, 2026.

13